IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RICO JARUIASE JOY, | ) | Civil Action No. 4:10-70257-TLW |
| | ) | Criminal No. 4:06-1317-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Rico Jaruiase Joy. ("Petitioner" or "Defendant"). On June 26, 2007, a federal grand jury returned a ten-count superseding indictment, in which Petitioner was charged on Counts 1, 4, 5, and 10. (Doc. # 68). On July 18, 2007, Petitioner entered a plea agreement where he agreed to plead guilty to Count 10 of the superseding indictment. (Docs. # 242 and 252). Count 10 charged Petitioner with knowing possession of a Ruger .45 caliber pistol and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e).

Petitioner filed a motion to withdraw his guilty plea on August 20, 2007. (Doc. # 254). This motion was denied on October 30, 2007. (Doc. # 282). Petitioner was sentenced to two hundred forty months (240) on October 30, 2007. (Doc. # 282). Petitioner filed notice of appeal of final judgment on November 5, 2007. (Doc. # 291). On November 9, 2007, judgment was entered against Petitioner. (Doc. # 307). On July 2, 2009, the Fourth Circuit affirmed Petitioner's conviction by unpublished per curiam opinion. (Doc. # 376).

Petitioner filed the present action on September 8, 2010, raising two grounds for relief. (Doc. # 413). Petitioner contends 1) his counsel was ineffective in advising him to plead guilty without informing him of the proper maximum term of imprisonment that he faced and 2) his conviction is invalid because his possession of a firearm was not in or affecting commerce. (Doc. # 413-1).

The United States of America ("Government") filed a response and a motion for summary judgment January 5, 2011. (Docs. # 430 and 431). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed January 13, 2011 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 436). Petitioner filed an "Addendum to 28 U.S.C. § 2255" on February 28, 2011. (Doc. # 446). This matter is now ripe for decision.

## **28 U.S.C. § 2255**

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C.A. § 2255.  Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'"  Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)).  In Leano,

2

the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has filed a response and motion for summary judgment as to all grounds raised by Petitioner. (Docs. # 430, and 431). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain

language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner first makes a claim of ineffective assistance of counsel. Petitioner argues counsel was ineffective for failing to inform him of the proper maximum term of imprisonment that he faced. Petitioner asserts, "[I]f not for counsel advising him that, as a result of his guilty plea he was facing a maximum term of ten years imprisonment, he would not have entered into a plea of guilty." (Doc. # 413-1 at p. 1). Petitioner asserts that the record shows Petitioner attempted to withdraw his guilty plea after he was informed that he faced a minimum of fifteen years and a maximum of life imprisonment. Id. Petitioner requests an evidentiary hearing. Id.

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must

judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

This Court finds that Petitioner is afforded no relief on his claim for ineffective assistance of counsel. The Court notes that Paragraph four of Petitioner's plea agreement specifically stated that Defendant's sentence had not yet been determined, that any estimate Defendant may have received from his attorney was only a prediction, and that any estimate was not binding on the Court. (Doc. # 242). Moreover, the plea agreement stated that it contained the entire agreement between the parties and superseded any prior promises that may have been made. Id. This Court notes further that at the change of plea hearing, this Court asked Petitioner if he had reviewed the plea agreement with his attorney, if he understood the terms of the agreement, and if the agreement represented the entire agreement he had with the government. (Doc. # 257 at pp. 8-9). Petitioner responded in the affirmative to each question. Id. The court then asked:

> THE COURT:    Has anyone promised you – Well, I guess you all have been promised, other than Mr. Joy, a promise of a specific sentence. So, I will ask Mr. Joy, only Mr. Joy:  Has anyone promised you that you would receive a certain guaranteed sentence in this case?
>
> DEFENDANT JOY:  No, sir.
>
> Id. at p. 10.

The Court next asked petitioner if he understood that his advisory guideline sentence could not be determined until after the presentence report had been filed and if Petitioner understood that the sentence imposed could be different from what his attorney had advised. Id. at p. 11. Petitioner answered in the affirmative. The Court also stated:

>THE COURT: I will only address this to Mr. Joy: Do you understand that, if the sentence imposed in your case is more severe than you expected it would be, you will still be bound by your plea and you would have no right to withdraw it.? Do you understand that, Mr. Joy?
>
>DEFENDANT JOY: Yes, Sir.

Id. at p. 13

Finally, the Court advised Petitioner of the maximum penalty he faced by pleading guilty.

The record reflects that the issue of whether Petitioner was an Armed Career Offender had not been resolved at the guilty plea proceedings:

>THE COURT: Ms. Parham [the AUSA], is Mr. Judge an Armed Career Offender?
>
>MS. PARHAM: I don't believe Mr. Judge or Mr. Joy are. Mr. Joy is. I would ask you to advise them both ways.
>
>THE COURT: Mr. Joy, you have heard me say this now three times before: If you are an Armed Career Offender — in other words, if you have three convictions on your record for serious crimes of any violence or drug offenses or serious drug offenses at the time you possessed the gun, you would be an armed career offender. Do you understand that?
>
>DEFENDANT JOY: Yes, sir.
>
>THE COURT: If you are an Armed Career Offender, I have to sentence you to at least 15 years in prison. Do you understand that?
>
>DEFENDANT JOY: Yes, sir.
>
>THE COURT: If you are an Armed Career Offender, I could sentence you up to life imprisonment. Do you understand that?
>
>DEFENDANT JOY: Yes.
>
>THE COURT: Knowing that if you are an Armed Career Offender that I would have to sentence you to a mandatory minimum sentence of 15 years and could sentence up up [sic] to life imprisonment, do you still wish to plead guilty?
>
>DEFENDANT JOY: Yes, sir.

>THE COURT: If you are not an Armed Career Offender, you face a maximum fine of $250,000 and a maximum period of supervised release of up to five years. Do you understand that?
>
>DEFENDANT JOY: Yes, sir.
>
>THE COURT: If you are not an Armed Career Offender but a person who has been convicted of a felony offense and you possess a firearm, you face a maximum period of imprisonment of up to 10 years. Do you understand that?
>
>DEFENDANT JOY: Yes, sir.
>
>THE COURT: You face a maximum fine of $250,000 and a maximum period of supervised release of up to three years. Do you understand that?
>
>DEFENDANT JOY: Yes, sir.
>
>\*\*\*
>
>THE COURT: Let me ask each lawyer if you have explained this charge to your client? Mr. Locklair [Joy's attorney]?
>
>MR. LOCKLAIR: I have, Your Honor.
>
>THE COURT: Let me ask each lawyer if you believe your client understands the charge that he is pleading guilty to and the potential penalties that he faces? Mr. Locklair?
>
>MR. LOCKLAIR: Yes, sir.
>
>THE COURT: Let me ask each defendant if you have any questions of me at this time in regards to the charge that you are pleading guilty to or the potential penalties that you face by pleading guilty to this charge? Mr. Joy?
>
>DEFENDANT JOY: No, sir.

Id. at 17-20.

Subsequently, counsel for Petitioner filed a motion to withdraw his guilty plea. (Doc. # 254). In the motion, defense counsel argued that the AUSA "contacted defense counsel to inform defense counsel that Defendant was NOT an Armed Career Criminal under the sentencing guidelines." Id. Counsel asserted that the AUSA told counsel she had spoken with probation, that

7

probation said Petitioner was not an Armed Career Criminal, and that he would face a maximum of ten years. Id. Defense counsel then argued he "relayed this information to the client who then decided to plead guilty based on the advice of counsel." Id. Furthermore, defense counsel stated:

> When asked at the plea regarding questions about the proposed penalties for being an Armed Career Criminal, Defense Counsel told Defendant to say that he understood what it was because the Armed Career Criminal provision would not apply to him per the information given to Defense Counsel by the United States Attorney's office.
>
> Defense counsel assured Defendant that the United States Attorney's Office would not contact the probation office and then falsely present the conclusions. Defense Counsel told Defendant that if the Assistant United States Attorney says that after her conversations with probation that Defendant is NOT an Armed Career Criminal, then he would not be one and would face a maximum term of imprisonment of ten years.
>
> Based on the incompetent advice of his attorney, Defendant pled guilty; however, but for the inaccurate nature of the facts given by the Assistant United States Attorney and allegedly the probation office, Counsel would not have advised Defendant to plead guilty nor would Defendant had pled guilty. Counsel's advice has prejudiced Defendant in that plea negotiations previously had Defendant pleading to a set sentence as was the case with a majority of other Defendants in this case.

Id.

The motion to withdraw guilty plea was addressed on the same date as Petitioner's sentencing hearing. The arguments cited above from the motion to withdraw were made by counsel at the hearing. The AUSA argued that defense counsel "misrepresented his conversation with the Government." (Doc. # 427 at p. 4). She contended defense counsel was told there was no question his client had two predicate convictions and that the question was whether he had a third conviction. Id. She also stated she told counsel that if the defendant had any juvenile crime of violence convictions, then he would be considered an Armed Career Criminal. Id. The AUSA stated further that, in her presence, defendant's counsel asked the defendant if he had any juvenile convictions, to which he stated that he did not. Id. She also stated that she did not

8

believe that the defendant forgot that he shot someone. Id. This Court specifically asked the AUSA if she represented to defense counsel or to the defendant that he was not an Armed Career Offender, to which the AUSA replied that she did not. Id. at p. 6. Counsel for the defendant explicitly denied having ever sat down with the AUSA and having a conversation with her about the defendant's status as an Armed Career Criminal. Id.

This Court noted, "During the plea colloquy, I believe the Government did make the request, that I advise your client in regards to the consequences if he was an Armed Career Offender. It does seem it would be inconsistent with the Government asking me to advise that if they though that your client was not an Armed Career Offender." Id. at 9. Counsel for Defendant conceded that he was not alleging that the Court made any mistakes at the plea hearing. Id. at 10. The Court then went through the transcript of the plea hearing and asked defense counsel, "[H]ow do you respond to the fact that I advised your defendant in great detail about Armed Career Offender status, that he could face up to life, that he could face at least 15 years, and that he would have no right to withdraw his plea once he entered it?" Id. at 19. Defense counsel responded, "Based on that fact, your honor, that my discussions with the Government, I told him any questions that pertained to Armed Career Criminal would not apply to him, and he should say he understood what it carried, and it would not be his potential punishment." Id.

This Court then cited to United States v. Lambey, 974 F.2d 1389 (4th Cir. 1992), and stated that this Court interpreted Lambey to mean that "a defendant's misapprehension about the sentence range based on counsel's advice is not a fair and just reason for withdrawal." Id. at 22. This Court went on to note it read Lambey to mean that "a court's proper advice, essentially cures any problems or any advice that was not provided." Id. The Court in Lambey stated:

> We do not rule out the possibility that a defendant's misapprehension of a likely sentence, based on a clear error in the advice given him, can be a fair and just

9

> reason for withdrawal of a guilty plea if it is not corrected by the court at the Rule 11 hearing. Yet if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant.
>
> Lambey, 974 F.2d at 1395.

After this Court discussed Lambey, it provided defense counsel with an opportunity to respond. Defense counsel replied, "I researched the issue, and there was nothing on point that would favor the defense. I couldn't find anything about government misrepresentations. I think that's different from the Lambey case."  (Doc. # 427 at p. 24). The Court then denied the motion to withdraw the guilty plea. Id. at 30-31.

As the record makes clear, this Court specifically advised the defendant of the maximum penalty he faced if sentenced as an Armed Career Offender, as required under Federal Rules of Criminal Procedure Rule 11(b)(1)(H). In an affidavit submitted to the Court, Petitioner's counsel contends, "Counsel did not hear that when it was [stated] and believes that his client was speaking to him at the time." (Doc. # 426). However, this does not change the fact that all Petitioner's answers to the Court's questions exhibit that Petitioner did in fact understand the maximum sentence length that he faced and that any representation made to him about the length of sentence he may receive was not binding on the Court. Finally, Petitioner's counsel represented to the Court that he believed Petitioner "understands the charge that he is pleading guilty to and the potential penalties that he faces." (Doc. # 257 at 20).

This Court notes that the Rule 11 hearing would have corrected or clarified any erroneous information given to Petitioner. Petitioner has not alleged that there was any error in the information provided to him by this Court at his change of plea hearing, nor has this Court's review of the record revealed any. Moreover, as previously noted, the record shows that

Petitioner was told specifically that any estimate of a sentencing range he may have received from his attorney or anyone else is only a prediction and is not binding on the Court, and Petitioner acknowledged that he understood. Accordingly this Court holds that any deficiencies in counsel's representation of Petitioner did not prejudice the Petitioner's defense.

Petitioner's second grounds for relief is based upon his assertion that his possession of a firearm was not "in or affecting commerce." The Fourth Circuit in <u>United States v. Gallimore</u>, 247 F.3d 134, 138 (4th Cir. 2001) made clear that "the Government may establish the requisite interstate commerce nexus by showing that a firearm was manufactured outside the state where the defendant possessed it." The Court in <u>Gallimore</u> rejected the defendant's argument that the Government must "prove that a firearm possessed in violation of § 922(g) was involved in interstate commerce beyond mere transportation across state lines." <u>Id.</u> Moreover, the Court noted that its holding was "in accord with every other circuit to consider the issue." <u>Id.</u> Accordingly, this Court holds that Petitioner's second ground for relief is without merit.

Finally, Petitioner asserts a third grounds for relief in his addendum to his 2255 motion. Petitioner argues that the use of his juvenile conviction as a predicate offense to sentence Petitioner under the Armed Career Criminal Act was impermissible because more than five years had passed between Petitioner's completion of his juvenile conviction sentence and the instant offense. Petitioner's claim is without merit. Petitioner notes that USSG § 4A1.1(b) states, "An adult or juvenile sentence imposed for an offense committed prior to defendant's eighteenth birthday is counted only if confinement resulting from such sentence extended into the five-year period preceding the defendant's commencement of the instant offense." Petitioner also notes that USSG § 4B1.2(c) defines "two prior felony convictions" as "(2) the sentences for at least

two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). (Doc. # 446).

This Court notes that Petitioner was not sentenced as a Career Offender under § 4B1.1, but as an Armed Career Criminal under § 4B1.4. Section 4B1.4(a) reads, "A defendant who is subject to an enhanced sentenced under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." Section 924(e) states:

> "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years."

Section 4B1.2, as titled, is a definition of terms used in Section 4B1.1. The Armed Career Criminal guidelines found at Section 4B1.4 is not governed by the definitions found at 4B1.2. Accordingly, it is of no import that Petitioner's first violent offense and completion of his sentence for that offense occurred five years prior to the commission of the instant offense. Section 924(e) does not include such a requirement. Accordingly, Petitioner's third ground for relief is denied.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. # 413), is **DENIED**, the Government's motion for summary judgment is **GRANTED**, (Doc. # 431), and this action is **DISMISSED**, with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. The Court concludes that it is appropriate to issue a certificate of appealability as to the issues raised herein.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____<br>
TERRY L. WOOTEN<br>
United States District Judge

October 25, 2011
Florence, South Carolina