IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Rico Jaruiase Joy, | Crim No. 4:06-cr-01317-TLW |
| PETITIONER | C/A No. 4:14-cv-02187-TLW |
| v. | |
| United States of America, | **Order** |
| RESPONDENT | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Rico Jaruiase Joy. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

On July 18, 2007, Petitioner pled guilty to Count 10 of the Superseding Indictment, which charged him with Felon in Possession of a Firearm and Ammunition. On October 30, 2007, the Court sentenced him to 240 months incarceration, followed by a 5-year term of supervised release. He was sentenced as an armed career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] Judgment was entered on November 9, 2007. He filed a direct appeal, but the Fourth Circuit affirmed this Court's judgment.

On September 8, 2010, he filed a § 2255 petition, stating two grounds for relief: (1) ineffective assistance of counsel; and (2) that his possession of a firearm did not affect

---

[1] His predicate offenses consisted of adult convictions for possession of cocaine with intent to distribute and trafficking crack, as well as a juvenile conviction for Assault and Battery of a High and Aggravated Nature.

1

commerce. On October 28, 2011, the Court granted the Government's motion for summary judgment and dismissed the petition with prejudice. He appealed, but the Fourth Circuit affirmed.

On or about June 2, 2014, Petitioner filed this § 2255 petition, asserting that he is actually innocent of being an armed career offender under the Fourth Circuit's recent decision in *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013). However, he has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this second petition.

## II.   Discussion

The Court does not have jurisdiction to consider Petitioner's motion. He has filed a previous § 2255 motion and has not obtained permission from the Fourth Circuit to file a second or successive motion. A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

(1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 motion, the present motion is second or successive. He has not received an order from the Fourth Circuit authorizing a second or successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive motion under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt

2

well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion.  As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'  28 U.S.C. § 2244(b)(3)(A).  This he has not done.").[2]

## III.  Conclusion

This is Petitioner's second § 2255 motion.  He must obtain authorization from the Fourth Circuit to file a second or successive § 2255 motion.  As he has not obtained this authorization, this petition is subject to dismissal.

For these reasons, Petitioner's petition for relief pursuant to § 2255 is **DENIED**.  This action is hereby **DISMISSED**.

---

[2] The Court is aware of, and has carefully reviewed, the Fourth Circuit's recent decision in *United States v. Hairston*, ___ F.3d ___, 2014 WL 2600057 (4th Cir. June 11, 2014).  There, the petitioner filed his § 2255 petition after the state court vacated a prior conviction that had raised his criminal history category from III to IV.  *Hairston*, 2014 WL 2600057, at *1.  Though he had previously filed a § 2255 petition that had been denied, *id.*, the Fourth Circuit concluded that the § 2255 petition based on his vacated state conviction was not a second or successive petition within the meaning of § 2255(h) because his claim was not ripe until his state conviction was vacated, *id.* at *4.

The issue in *Hairston* and the two cases it primarily relied on all involved prior convictions being vacated, rather than subsequent case law concluding that a still-valid prior conviction no longer counts as a predicate offense under the ACCA, as in *Hemingway*.  *See Hairston*, 2014 WL 2600057, at *1; *In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013); *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011); *but cf. Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." (emphasis in original)).  Because this case does not involve a vacated conviction, the Court concludes that *Hairston* does not provide Petitioner with relief.

3

The Court has reviewed this motion in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

July 2, 2014
Columbia, South Carolina